UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILL LIETZKE, | Case No. C07-889-RSL |
| Plaintiff, | |
| v. | |
| CITY OF MONTGOMERY, et al., | ORDER TRANSFERRING CASE |
| Defendants. | |

Plaintiff Bill Lietzke, appearing *pro se*, has filed an application to proceed *in forma pauperis* and a proposed 42 U.S.C. § 1983 civil rights complaint against the City of Montgomery, Alabama, and several of its law enforcement officials. Dkt. No. 1-1. After careful consideration of the complaint, governing law, and the balance of the record, the Court finds that venue is improper, and ORDERS that this case be TRANSFERRED to the United States District Court for the Middle District of Alabama.

A.   The Complaint

Plaintiff's complaint alleges that from June 9, 1997, through March 4, 2007, the City of Montgomery, through several of its police officers, repeatedly harassed him on several of the public streets of Montgomery. Dkt. No. 1-1 at 5-21. The complaint alleges that plaintiff's First Amendment rights of free speech and assembly were violated, and states causes of action for negligence, criminal trespass, false imprisonment, assault, harassment,

and menacing. *Id.* at 21-24. Plaintiff seeks the immediate imprisonment of the named individual defendants, more than one billion dollars in compensatory damages, and an "immediate shut down" of the "intersections of Grove Street at South Court Street, and Grove Street at South McDonough Street." *Id.* at 4.

### B. Improper Venue

Venue for actions not based solely on diversity of citizenship is determined by 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought *only* in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added).

Here, each of the named defendants—the City of Montgomery, Mayor Bobby Bright, Police Chief Art Baylor, and Walter Byers—reside in the State of Alabama, not the State of Washington. Furthermore, all of the events or omissions giving rise to the claims in plaintiff's complaint occurred in Alabama, not Washington. Accordingly, venue is not proper in the United States District Court for the Western District of Washington.

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because the defendants reside in Alabama, and because all of the acts or omissions giving rise to plaintiff's claims occurred in Alabama, this action could have been brought in the United States District Court for the Middle District of Alabama. The Court finds that a transfer to the United States District Court for the Middle District of Alabama is in the interests of justice.

C.     Conclusion

The Clerk of Court is directed to TRANSFER this case to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).  As a result, plaintiff's application to proceed *in forma pauperis* (Dkt. No. 1) is DENIED as MOOT.

The Clerk of Court is further directed to send a copy of this Order to plaintiff and to the Honorable James P. Donohue, United States Magistrate Judge.

DATED this 19th day of June, 2007.

                                                                  Robert S. Lasnik
                                                                   United States District Judge

Recommended for entry
this 19th day of June, 2007.

 /s/   JAMES P. DONOHUE
United States Magistrate Judge

ORDER TRANSFERRING CASE
PAGE – 3